Avtar **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–70179.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

642

Olumide K. Obayemi, Esq., San Leandro, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq, Keith Ian McManus, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Avtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999), and we deny the petition for review.

The IJ concluded that Singh was not credible because he found that two of the affidavits he submitted appeared to be fraudulent. The IJ found that, even though the affidavits were purportedly from two different affiants, the two affidavits were nearly identical in content and phrasing, both omitted the same key events of Singh's persecution, and both discussed a criminal charge that Singh had testified did not exist. As the IJ found, Singh did not offer an explanation for why

---

these affidavits are nearly identical, why they omit the same key events, and why they both reference a criminal charge.

Because these affidavits were submitted to corroborate the alleged acts of persecution that Singh endured, and thus were central to Singh's claim, substantial evidence supports the IJ's conclusion that Singh was not credible. *See Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004) (concluding that to support an adverse credibility finding, the fraudulent document must be submitted to establish a critical element of an asylum claim and the totality of the record must lend support to an adverse credibility finding); *see also Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004) (concluding that documents with questionable genuineness that go to the heart of the claim may justify adverse credibility finding).

■ In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh's claim under the CAT is based on the same facts that the IJ found to be not credible, and Singh points to no other evidence that the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**